STATE OF NORTH DAKOTA, Petitioner, v. JOHN O. GRUBB and H. A. KIRKILIE, Respondents.

In the matter of removal from office of John O. Grubb and H. A. Kirkilie, county commissioners for Burke County, North Dakota.

(189 N. W. 326)

**Appeal and error — petitioners, after charging misconduct, no longer parties to action and have no right of appeal.**

1. For reasons stated in the opinion, it is *held* that the petitioners not in fact being parties to this action, were not entitled to appeal from the judgment therein.

Opinion filed July 7, 1922

An attempted appeal from the judgment of the District court of Ramsey county, *Buttz*, J.

Appeal ordered dismissed.

*E. R. Sinkler*, for petitioner.

*Palda & Aaker*, for respondents.

GRACE, J. Grubb and Kirkilie were elected county commissioners of Burke county. Grubb was one of the parties of a contest for the office

of county commissioner. The questions involved in that contest were finally determined by this court, a majority holding that he was duly elected to that office. See 187 N. W. 157.

In the present action, five electors, George White, Ed. J. Marks, W. G. Mitchell, Jake Dewing, and Louis Negaard, proceeding under a certain statutory law relative to the removal of certain officers as contained in article 2 of chap. 7, Session Laws of 1913, chap. 132, as amended by chap. 199, Session Laws of 1915, and other amendatory acts not necessary here to mention, made and filed with Lynn J. Frazier, as Governor of the State of North Dakota, certain charges, whereby they charged Grubb and Kirkilie, as county commissioners of Burke county, with misfeasance, malfeasance, crime and misconduct in office, specifically setting forth the corrupt official acts complained of. Gov. Frazier appointed H. H. Cooper of Kenmare, N. D., a commissioner to hear and report testimony for and against the accused and to file a report of such testimony. This having been done and the testimony taken and filed, Gov. Frazier then by a notice in writing, dated the 4th day of November, 1921, gave notice of a hearing to be held before him at his office at the state capitol, on the 12th day of November, 1921. In the taking of the testimony before Cooper, E. R. Sinkler, attorney at law of Minot, appeared for the petitioners, and in the capacity of Assistant Attorney General, and L. J. Palda, of the same city, appeared for the respondents. The testimony is of considerable length. This testimony was considered by the Governor who made his order dated November 16, 1921, removing Grubb and Kirkilie from office.

The respondents on or about the 30th day of November, 1921, gave notice of appeal to the district court of Ramsey county from the removal order. Such right of appeal is provided by laws to which reference has heretofore been made. Thereafter the action was tried in the district court of Ramsey county, before C. W. Buttz, judge, who made findings of fact and conclusions of law favorable to the respondents. The conclusions of law of the trial court were to the effect that the removal of the respondents by the order of the Governor was illegal and void; that they were the duly elected and qualified commissioners of Burke county and were entitled to judgment reinstating them as such; that Jake Dewing and Ed J. Marks, appointed by the Governor to fill the alleged vacancies by the removal of the respondents, were not legally appointed nor qualified commissioners of Burke county, and are not entitled to hold or

exercise the office of commissioners of that county, and on the 29th day of May, 1922, judgment was accordingly entered. Thereafter and on about the 31st day of May, these petitioners attempted to appeal from that judgment to the Supreme Court of this state.

The only question here necessary to decide is whether they are parties to the action; if they are, they have a right of appeal; if they are not, they have not that right. It will be noticed that the law in substance provides (chap. 199, Session Laws of 1915) that the official misconduct of the officers therein mentioned may be charged or informed against by five qualified electors of the county in which the person charged is an officer, except when the state's attorney of the county is the person against whom charges are made, when other procedure is provided. As we view the substance of this law, it means that the function of the five electors is to bring the official misconduct to the notice of the state of North Dakota, which in subsequent proceedings becomes party plaintiff, and the officer against whom the complaint is made becomes party defendant. These are the only parties to the action, and so continue to be, not only in the proceedings before the Governor, but also in a subsequent proceeding in an appeal, if any, from his decision or order. The five petitioners discharge functions in initiating such a proceeding somewhat similar to those discharged by a grand jury, whereby formally and according to law, by information or indictment, it accuses one of the commission of a crime, which when done terminates its duties in that respect. Thereafter the state is the party plaintiff, and the accused the party defendant. The same result might be shown by detailing the functions of a complaining witness, who gives information and makes complaint of the commission of a criminal offense to the proper court or judicial officer, and if the complaint is acted upon and further proceeding had, the state becomes the party plaintiff, and the accused the party defendant. In all such cases, it is hardly necessary to observe that where there is a right of appeal, it is a right reserved to the parties to the action. So, in this case, the petitioners performed the office of informing, or of complaining or charging the respondents with official misconduct, crime, misfeasance, or malfeasance in office; they are in effect complaining witnesses and are not in reality parties to the action. This being apparently clear, there is no right of appeal on their part. If any might have appealed from the judgment of the district, court, it was one who was a party to the action; that is, either the state or the respondents.

The judgment was favorable to the respondents, and they did not desire to appeal, and the petitioners in the circumstances here, not being parties to the action, had no right of appeal. Their attempted appeal is ordered dismissed. Neither party shall recover costs.

BIRDZELL, C. J., and ROBINSON and BRONSON, JJ., concur.

CHRISTIANSON, J. (concurring specially). I agree with my associates that this appeal should be dismissed. The statute relating to removal of public officers by the Governor provides:

"The complaint or charges against any such official authorized to be removed by the Governor shall be entitled in the name of the state of North Dakota and shall be filed with the Governor. It may be made upon the relation of any five qualified electors of the county in which the person charged is an officer, or by the state's attorney of such county, and such complaint and charges shall be filed by the Attorney General when directed to do so by the Governor. When the officer sought to be removed is other than the state's attorney, it shall be the duty of the state's attorney or other competent attorney upon request of the Governor to appear and prosecute, and when the proceedings. are brought to remove the state's attorney the Governor shall request the Attorney General, or other competent attorney to appear on behalf of the state and prosecute such proceedings." Section 686, C. L. 1913, as amended by chap. 199, Laws 1915.

Under this statute, the five electors act merely as informers. Their control over the proceeding ceases upon the filing of the charges. It is made the duty of the Governor to request some competent attorney to appear and prosecute the proceeding.

In this case a special Assistant Attorney General appointed by the Governor (chap. 20, Laws Special Session 1919) appeared and prosecuted the proceeding before the Governor, and before the special commissioner appointed by the Governor to hear and report the testimony (§ 688, C. L. 1913, as amended by chap. 199, Laws 1915). After the respondents Grubb and Kirkilie had perfected an appeal from the Governor's order of removal to the district court of Ramsey county, the Attorney General appeared and entered into a written stipulation with counsel for such respondents to the effect that said appeal and all issues raised there-

by be submitted on the merits thereof to Hon. C. W. Buttz, one of the judges of said court; that the case be submitted upon the record made before the special commissioner appointed by the Governor to hear and report the testimony; and that both parties would accept a decision on the merits as rendered by said district court as the final judgment in said proceeding, without further litigation. The district court rendered a decision on the merits in favor of the respondents. No appeal has been taken by the state. The appeal before us purports to have been taken by the five electors who filed the charges with the Governor. It seems clear that these persons cannot appeal from the judgment entered in this case.